GORDON, Administratrix, Respondent, vs. WISCONSIN
NATIONAL BANK, Appellant.

*January 13—February 10, 1920.*

*Negligence: Removing ice from building: Pedestrian killed by
falling ice: Contributory negligence: Disregarding rope bar-
rier.*

Where a rope was stretched from a building, from the roof of
which ice was being removed, to a point near the street-car
tracks, it was not negligence as a matter of law for one
alighting from a car to pass alongside the car and by a man
holding the rope, though he was killed by falling ice.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Personal injury. On the morning of the 11th of Feb-
ruary, 1918, the deceased, husband of plaintiff, was on a
street car traveling south on East Water street in the city
of Milwaukee. The car stopped on East Water street,
north of the intersection of Wisconsin street. The de-
ceased alighted and passed south alongside the car and by
a man holding the end of a rope reaching from near the car
to the Pabst building, and while he was in the street, next to
the car, was hit on the head by a piece of falling ice and
instantly killed. The ice was loosened by employees of
defendant in the course of removing it from the roof of the
building.

The plaintiff brought this action, and from the judgment
awarding her $10,000 damages and costs defendant appeals.

For the appellant there was a brief by *Burr J. Scott,* at-
torney, and *Lawrence A. Olwell,* of counsel, both of Mil-
waukee, and oral argument by *Mr. Scott.*

For the respondent there was a brief by *Carroll & Carroll*
of Milwaukee, and oral argument by *George J. Carroll.*

ROSENBERRY, J.    The sole contention made on the appeal
is that the deceased was guilty of contributory negligence
as a matter of law.    This clear-cut issue has been fully and

ably argued and we have given the matter the attention that the importance of the case demands.    The contention of the defendant is briefly that, in passing by the man who held the rope, the deceased was warned of the fact that he was in the zone of danger, and that his failure to accept the warning and his entrance into the zone of danger constitute contributory negligence as a matter of law.    While the argument is persuasive there is no circumstance or combination of circumstances which is conclusive upon this question. The evidence no doubt would sustain a finding of the jury either way.    Reasonable men might well come to different conclusions upon the facts and circumstances appearing in the evidence; it is therefore a jury question, and the trial court rightly so held.

*By the Court.*—Judgment affirmed.